■ In the Matter of RESIDENTS FOR A MORE BEAUTIFUL PORT WASHINGTON, INC., Appellant, v DEPARTMENT OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review lead agency findings under the New York State Environmental Quality Review Act (ECL art 8), dated November 24, 1987, issued by the respondent Town of North Hempstead Solid Waste Management Authority, and to compel the

Department of Environmental Conservation of the State of New York to designate itself as lead agency, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Brucia, J.), entered January 10, 1989, which, upon granting the motion of the respondent Town of North Hempstead Solid Waste Management Authority for summary judgment, dismissed the petition.

Ordered that the order and judgment is affirmed, with one bill of costs.

The instant proceeding arises out of the proposed plan by the Town of North Hempstead to build a solid waste management facility in the Village of Port Washington. The respondent Town of North Hempstead Solid Waste Management Authority (hereinafter the Authority) was created in 1984 for the purpose of planning, developing and operating the proposed facility (Public Authorities Law, art 8, tit 13-F). The Authority was designated by the Department of Environmental Conservation of the State of New York (hereinafter the DEC) as the lead agency for purposes of the review process under the New York State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) concerning the proposed facility and, on November 24, 1987, the Authority, after a 2½-year review process, issued SEQRA lead agency findings which approved a proposed solid waste management facility to be built and operated on a specific 460-acre site. The petitioner, a not-for-profit corporation comprised of various citizens of the town, commenced this proceeding, *inter alia,* to review the Authority's SEQRA lead agency findings and to compel the DEC to designate itself as the lead agency with regard to the SEQRA review of the proposed project. The Supreme Court determined that the DEC's designation of the Authority as the lead agency for the proposed project was proper and, thus, dismissed the petition. We agree and, accordingly, affirm.

We find no merit to the petitioner's contention that the designation of the Authority as the lead agency for the proposed project was improper. ECL 8-0111 (6) provides: "When an action is to be carried out or approved by two or more agencies, the determination of whether the action may have a significant effect on the environment shall be made by the lead agency having principal responsibility for carrying out or approving such action and such agency shall prepare, or cause to be prepared by contract or otherwise, the environmental impact statement for the action if such a statement is required by this article. In the event that there is a question as to which is the lead agency, any agency may submit the

question to the commissioner and the commissioner shall designate the lead agency, giving due consideration to the capacity of such agency to fulfill adequately the requirements of this article".

In the instant case, in May 1985 the Authority requested the DEC's consent to the designation of the Authority as the lead agency under SEQRA, and, by letter dated August 8, 1985, the DEC confirmed the Authority's lead agency status. In confirming the Authority's designation as a lead agency, the DEC was required to consider the three specific criteria, namely,

"(i) whether the anticipated impacts of the action being considered are primarily of statewide, regional, or local significance, (i.e., if such impacts are of primarily local significance, all other considerations being equal, the local agency involved shall be lead agency);

"(ii) which agency has the broadest governmental powers for investigation of the impact of the proposed action; and

"(iii) which agency has the greatest capability for providing the most thorough environmental assessment of the proposed action" (6 NYCRR 617.6 [e] [5]).

It is apparent from the record that although there are likely to be some regional implications from the installation and operation of the proposed solid waste management facility, the majority of its impacts will be local, so that "the local agency involved" is the appropriate lead agency. In addition, both the Authority and the DEC have been given broad investigative powers and assessment capabilities, so that it is not irrational to find that the latter two criteria were equally satisfied by the two agencies. Thus, since the selection of the Authority as the SEQRA lead agency for the proposed plan had a rational basis in the record, we will not disturb the DEC's determination designating the Authority as the lead agency (see, Matter of Congdon v Washington County, 130 AD2d 27). Moreover, we conclude that the record does not support the petitioner's contention that the Authority should be disqualified from acting as lead agency by reason of bias or predisposition. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.